[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST FOR A MORE SPECIFIC STATEMENT AND OBJECTION AND MOTION FOR SANCTIONS
Before the court is the respondent, Warden's motion for more specific statement, the petitioner, Gerrod Ellis objection to the motion for more specific statement and motion for sanctions.
At oral argument, the petitioner conceded that the respondent was entitled to a more specific statement setting forth the names of those witnesses who he claims gave false testimony at his trial. The respondent is also entitled to have the petitioner set forth the substance of the testimony of each such witness that he claims is false. With respect to the remainder of the request for more specific statement as it pertains to witnesses, the petitioner's objections are sustained.
The respondent also seeks to have the petitioner make his petition more specific by setting forth that "portion of the jury recharge or jury instructions" to which trial counsel for the petitioner should have but failed to object. At oral argument the petitioner argued that trial counsel should have objected to the entire instructions to the jury. It is difficult for this court to believe that the entire jury instructions were defective. Nevertheless, if this is the petitioner's claim, the court must sustain the petitioner's objection in this regard.
The court notes that such a broad objection masks any CT Page 3238 meritorious claim the petitioner may have. Furthermore, such an overly broad claim could result in trial by ambush as a result of not focusing on the specific portion of the charge which may be the core of the petitioner's complaint. The court will not allow this to happen. When the petitioner reveals the essence of his claim at trial, the court will allow the respondent a continuance in order to intelligently respond. These broad base claims simply undermine the credibility of the petitioner's writ of habeas corpus.
Finally, the petitioner's claim for sanctions meritless and is hereby denied.
Berdon